**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| MIGUEL A. CONTRERAS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 02-0923 (JR) |
| | : | |
| MICHAEL CHERTOFF, Secretary, | : | |
| Department of Homeland Security, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

This class action discrimination case is before me on defendant's renewed motion for summary judgment.  Dkt. #124.  The named plaintiffs seek to represent a class of current and former Customs Service agents alleging discrimination on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  For the reasons set forth below, defendant's motion will be **granted**.

Procedural History

Miguel Contreras filed an administrative complaint before the Equal Employment Opportunity Commission on March 23, 1995.  An Administrative Law Judge recommended the matter for class processing on November 20, 1995.  That recommendation was rejected by the Director of the Office of Equal Opportunity Programs on December 21, 1995, but accepted by the Commission on May 15, 1998.  Customs' request for reconsideration was denied on

October 22, 1999.  The parties then engaged in discovery, which included the exchange of thousands of pages of documents and several meetings between the parties' expert witnesses to discuss the data they would use to perform that statistical analysis. Dkt. #38-1 at ¶ 7, 17-18; Dkt. #106-5 at ¶ 3; Dkt. #106 at 5-6; Dkt. #106-2 at ¶¶ 4-6 and accompanying exhibits.  The administrative complaint was then sent to an Administrative Judge for a hearing that was scheduled to begin in June 2002.  The hearing never took place, however, because, on May 10, 2002, the day on which plaintiffs were to serve and file their statistical analysis, Dkt. #38-1 at ¶ 7, plaintiffs moved for dismissal of their administrative complaint and filed suit here.

      Finding that plaintiffs had failed to exhaust claims of hostile work environment and foreign language proficiency awards, I granted summary judgment for defendants as to those two claims on February 26, 2004.  On August 30, 2004, Customs moved for summary judgment as to the claims that survived its first motion for summary judgment, namely, the claims of discrimination in promotions, transfers, work assignments, training, discipline, awards and bonuses, and retaliation.  Plaintiffs did not respond to that motion for summary judgment for more than seven months.  They finally did so only after they were ordered to show cause why the summary judgment motion should not be granted as

conceded.  Plaintiffs' opposition and Rule 56(f) motion were filed on April 5, 2005.

On September 21, 2005, I denied defendant's motion for summary judgment without prejudice and partially granted plaintiffs' Rule 56(f) motion for further discovery.  Defendant filed a renewed motion for summary judgement on May 5, 2006.  Plaintiffs' opposition and defendant's reply memoranda were duly filed thereafter, and the matter is ripe for decision.

<u>Defendant's Renewed Motion for Summary Judgment</u>

The order granting plaintiffs' Rule 56(f) request allowed discovery on (1) the definitions of the fields - or the values that can appear in the fields - in the PERHIS, VAACS, TECS and TRAEN databases, and (2) the reasons for and harshness of sanctions imposed on Hispanic and white agents.  At that point, I considered plaintiffs' evidence insufficient to withstand defendant's motion for summary judgment, and was not optimistic that further discovery would alter the calculus.  I have received no word of any discovery disputes, and, as far as I understand it from the parties' briefs, the additional discovery permitted by my order has been concluded.  Dkt. #124 at 1, Dkt. #128 at 2.  It is appropriate, then, to consider what – if any – new information relevant to the merits of plaintiffs' claims has emerged through this additional discovery.

Defendant asserts that the plaintiffs have been provided all the additional discovery that the September 21 order allowed, including not only definitions and values from PERHIS, TRAEN, VAACS and TECS, but also more than 182,000 pages of discipline files.  Dkt. #124 at 1, 5 n.1.  Defendant has now submitted an extensive expert analysis of the discipline files to address the question of whether or not Hispanic customs agents received harsher disciplinary treatment than similarly situated white customs agents, concluding (1) that because no disciplined Hispanic and white customs agents were similarly situated, a proper statistical comparison is impossible, <u>id.</u> at 6-10, and (2) that, even using alternative statistical analysis, there was no evidence indicating discrimination against Hispanic agents in the disciplinary context, <u>id.</u> at 12-18.

Plaintiffs have apparently discovered nothing among these thousands of documents worth presenting to the court to substantiate their claims of discrimination.  Instead, their opposition to the renewed motion for summary judgment only complains again that defendant's analysis is inadequate.  As I tried to make clear in my September 21 memorandum order, however, it is the plaintiffs, and not the government, who have the burden of proving discrimination.

That is why plaintiffs' challenges – to the reliability of the databases relied upon by defendant's expert, and, to the

- 4 -

expert's methodology in analyzing the data – do not identify genuine issues of material facts.  Critiques of defendant's statistical analysis do not help plaintiffs carry <u>their</u> burden to produce evidence demonstrating that the discipline imposed on Hispanic agents was harsher than that imposed on comparably situated white agents.  Dkt. #112 at 20, <u>see also</u> <u>Wilmington v. J.I. Case Co.</u>, 793 F.2d 909, 915 (8th Cir. 1986).  In short, plaintiffs' current memorandum in opposition to summary judgment fails to advance the ball.

In my memorandum order of September 21, 2005, I supposed that a prima facie showing of discrimination could theoretically be made by individual testimony alone, but I noted that I had neither found nor been directed to any cases finding in plaintiff's favor without statistical evidence of disparity. Dkt. #112 at 4.  Plaintiffs had not then, and still have not, presented statistical evidence supporting their claims of discrimination.  Instead, they offer studies of Customs employment practices, anecdotal evidence from the named plaintiffs, an expert disputing Dr. Siskin's analysis, and the testimony of an expert in management and equal opportunity practices.  The reports, anecdotes, and expert testimony are still insufficient to make a showing of disparity for the reasons discussed at Dkt. #112, 7-11, 13-14, and the objections to Dr. Siskin's analysis are still of no moment.  I now find that,

for the reasons discussed in my memorandum order of September 21, 2005, plaintiffs' responses to defendant's motions for summary judgment are insufficient to defeat defendant's renewed motion. Dkt. #112 at 7-21; see Anderson v. Libby Lobby, 477 U.S. 242, 253 (1986) ("[t]he question here is whether a jury could reasonably find either that the plaintiff proved his case by the quality and quantity of evidence required by governing law or that he did not.").

Plaintiffs' request for further Rule 56(f) discovery is denied. I rejected all but two areas of Rule 56(f) discovery the last time around, and this time plaintiffs have failed to identify with specificity the areas of additional discovery they seek.

An appropriate order accompanies this memorandum.


                                    JAMES ROBERTSON
                               United States District Judge